IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER, | |
| Plaintiff, | |
| v. | Action No. 08:10–CV–955—AW |
| GLUT FOOD COOP, *et al.*<br>Defendants. | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant Glut Food Coop's Motion to Dismiss (Doc. No. 11). The parties have fully briefed the issues, and the Court deems that no hearing is necessary. For the reasons stated herein, Defendant's Motion to Dismiss is **DENIED-in-PART** and **GRANT-in-PART**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Catherine Alexander is an African American female, who began working for Defendant Glut Food Coop ("Glut") in December 2002. Glut is a non-profit health food store, which is managed by its members. While at Glut, Plaintiff was a manager and collective member who managed the condiment section and the herb room. Plaintiff alleges that from February 2007 until February 2008, Defendant Christopher Doyle was a responsible for bulk items, and he made most of the decisions at Glut. In her Amended Complaint, Plaintiff recounts a series of events which she alleges occurred while she was employed at Glut. Plaintiff contends that Defendant Doyle and other Glut employees subjected her to racial harassment, physical abuse, and other demeaning behavior while she was employed at Glut. Plaintiff was ultimately terminated from her position at Glut in February 2008. Plaintiff's Amended Complaint alleges seven causes of action: 1) Racial Discrimination under Title VII; 2) Hostile

Work Environment under Title VII; 3) Wrongful Termination under Title VII; 4) Embezzlement; 5) Retaliation under Title VII; 6) Pain and Suffering; and 7) Embarrassment.[1]

Plaintiff filed her initial Complaint on April 19, 2010 as a *pro se* litigant (Doc. No. 1). Defendant Glut Food Coop filed a Motion to Dismiss Plaintiff's Initial Complaint on July 23, 2010 (Doc. No. 11). Plaintiff Filed a Motion for Leave to Amend her initial complaint on September 24, 2010 (Doc. No. 17), which this Court granted on March 17, 2011. (Doc. No. 22). On October 5, 2010, this Court issued an order for the Plaintiff to Show Cause as to why Defendants Jaime Moorby, Nicola Thompson, Jennifer Bergdorf, Andre Spencer, David McDuffy, David Duffy, Racquel Brown, Denatra Lewis, Kimberly Peterson, Nelajah Davis, Tee Brown, Adrian Madsen, and Hamady Kassambara should not be dismiss from this case. (Doc. No. 18). Plaintiff responded to this Order on October 18, 2010. (Doc. No. 21).[2]

## I. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that "Rule 8 still requires a 'showing,'" of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). In its determination, the Court must consider all

---

[1] The Court notes that Plaintiff's Amended Complaint fails to state a cognizable claim as to Counts IV, VI, and VII (Embezzlement, Pain and Suffering, and Embarrassment, respectively). Accordingly, the Court will dismiss these actions from this Complaint.

[2] The Court does not believe that Plaintiff's Amended Complaint states a cognizable claim against Jaime Moorby, Nicola Thompson, Jennifer Bergdorf, Andre Spencer, David McDuffy, David Duffy, Racquel Brown, Denatra Lewis, Kimberly Peterson, Nelajah Davis, Tee Brown, Adrian Madsen, and Hamady Kassambara. Accordingly, it would be futile to allow Plaintiff to serve these individuals, at this juncture.

well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). "*Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys. A federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Kennedy v. Chesapeake Utilities Corp.*, 2011 W.L. 846584, Civil Case. No. L-10-2256 (D.Md. Mar. 8, 2011) (internal citations omitted).

## II. ANALYSIS

### A. Title VII Claims against Chris Doyle

Defendants argue that Title VII does not allow for claims based on individual liability, but only employer liability. According to Defendant, because Doyle is not an "employer "under Title VII, he cannot be held liable under Title VII. The Court finds that Defendant correctly asserts that Defendant Doyle cannot be held liable under Title VII, as Defendant does not allege that Doyle was an "employer." "Although the statute does not define the term 'agent,' it is well established that Title VII's remedial scheme plainly gives rise to employer, rather than individual liability. Accordingly, the Fourth Circuit has long held that supervisors are

not liable in their individual capacities for Title VII violations." *Rue v. GMAC Financial Services*, No. 3:10-cv-62, WL 812062 (W.D.N.C. Mar. 2, 2011). Accordingly, the Court will **GRANT** Defendants' Motion to Dismiss Defendant Doyle from this all the Title VII claims in this Case (Counts I, II, and III). The Court will also dismiss Jaime Moorby, Nicola Thompson, Jennifer Bergdorf, Andre Spencer, David McDuffy, David Duffy, Racquel Brown, Denatra Lewis, Kimberly Peterson, Nelajah Davis, Tee Brown, Adrian Madsen, and Hamady Kassambara from the remaining Title VII claims in this matter, as Plaintiff has failed to allege that these employees are "employers" pursuant to Title VII.

### B. Timeliness of Plaintiff's Claim for Hostile Work Environment

Defendants allege that Plaintiff has failed to exhaust her administrative remedies with respect to her Title VII claim for hostile work environment. "The two jurisdictional prerequisites to a Title VII action are (1) filing timely charges of employment discrimination with the EEOC; and (2) receiving and acting upon the EEOC's notice of the right to sue. In Maryland, a charging party must file an EEOC charge within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If a charging party fails to comply with this statutorily mandated filing period, alleged discriminatory acts which occurred more than 300 days prior to the filing of the EEOC charge may not be subsequently challenged in a Title VII suit." *Van Slyke v. Northrop Grumman Corp.*, 115 F.Supp.2d 587, 592 (D.Md. 2000) (internal citations omitted).

Defendants do not dispute that Plaintiff filed her administrative claim with the EEOC on December 2, 2008. As she filed her claim with the EEOC on December 2, 2008, any unlawful employment practice that occurred before February 6, 2008 (300 days before December 2, 2008) is time-barred. Plaintiff's Amended Complaint states that she was terminated on February 8,

2008. Defendants assert, "Plaintiff does not allege that any incidents of racial harassment occurred any time in February 2008, or even January 2008. . . ." (Doc. No. 11-1, at 5). However, Plaintiff's Complaint indicates that she is basing her hostile work environment claims on a continuing violation theory. (Doc. No. 23, at 46, 61).

As the Fourth Circuit recognized in *Holand v. Washington Homes*, *Inc*, "the continuing violation theory allows for consideration of incidents that occurred outside the time bar when those incidents are part of a single, ongoing pattern of discrimination, i.e., when the incidents make up part of a hostile work environment claim." 487 F. 3d 208, 219-220 (4th Cir. 2007). Further illuminating what actions can constitute acts which support a continuing violation theory, the Court in *Edwards v. Murphy-Brown, L.L.C.* articulated, "in order for several events to qualify as part of the same hostile work environment, all of the incidents must be so significantly related to each other as to comprise one unitary and ongoing unlawful employment practice. However, 'ongoing' does not necessarily require discriminatory conduct each day or week, provided the acts, when viewed in their entirety, compose a unitary hostile work environment." No.2:10cv165, 2011 WL 124209 (E.D.Va. Jan. 4. 2011).

The Court finds that Plaintiff has adequately alleged that her termination on February 6, 2008, constitutes an act which was significantly related to the other unlawful acts that Plaintiff alleges that she experienced while at Glut.³ As Plaintiff filed her EEOC claim within 300 day of her termination from Glut, Plaintiff's hostile work environment claim under Title VII is not time-barred.

### C. Plaintiff's Prima Facie Case of Hostile Work Environment

---

³ Paragraph 65 of Plaintiff's Amended Complaint alleges several comments that Chris Doyle made to Plaintiff which allow the Court to infer that Plaintiff's alleged termination was connected to the prior acts alleged to constitute a hostile work environment. Specifically, Plaintiff claims that Doyle stated, "[Y]ou were a model employee but we have to get your black ass out of here," "Fire Catherine, Fire Catherine," and "[O]nce her black ass hits front door and gets some fresh air she will get on with her fucking life." (Doc. No 23, at 16)

Defendants argue that Plaintiff has failed to allege a *prima facie* case of hostile work environment. To adequately plead a claim for hostile work environment, the Plaintiff must plead sufficient facts to show that there is "(1) unwelcome conduct; (2) that is based on the plaintiff's sex [and/or race]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Mosby-Grant v. City of Hagerstown*, 630 F.3d 326, 334 (4th Cir. 2010) (internal citations omitted). Defendants cite *Reed v. Airtran*, 531 F. Supp. 2d 660, 669 (D. Md. 2008) for the proposition that, "[p]leading a hostile work environment requires both an objective and a subjective showing, specifically an environment that 'a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so.'" (Doc. No. 11-1, at 6). Defendants argue that "Plaintiff does not allege or plead a single fact indicating that she perceived the alleged racial harassment as severe or pervasive." *Id.*

To the extent that Plaintiff's initial complaint did not plead sufficient facts to demonstrate that Plaintiff perceived her work environment to be hostile and abusive, the Court finds that the Plaintiff's Amended Complaint cures these pleading deficiencies. In her Amended Complaint, Plaintiff avers that she "experienced unwelcome harassment and the harassment was based on calling Plaintiff 'nigger' and lewd talk calling Plaintiff 'black ass.' The harassment was sufficiently severe or pervasive to alter the conditions of employment and created an abusive environment, causing Plaintiff emotional distress. Plaintiff was the victim and reasonable [sic] found the environment hostile and abusive both mentally and physically and in fact perceived it to be so." (Doc. No 23, at 16). Numerous other factual allegations exist in the Amended Complaint which allow the Court to draw the inference that Plaintiff perceived her environment to be hostile and abusive. As such, the Court finds that Plaintiff has pled a *prima facie* case for

hostile work environment. Therefore, the Court will **DENY** Defendants' Motion to Dismiss Plaintiff's hostile work environment claim.

### D. Plaintiff's Retaliation Claim

Defendants aver that Plaintiff has failed to allege that she was terminated because she engaged in a protected activity. To adequately plead a retaliation claim, Plaintiff must allege sufficient facts to show that (1) he engaged in protected activity; (2) he suffered an adverse employment action at the hands of the Defendant; and (3) the Defendant took the adverse action because of the protected activity. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001). Defendant maintains that "Plaintiff does not allege that she engaged in protected activity prior to the termination of her employment by Defendant." (Doc. No. 11-1, at 7).

Defendants aver that Plaintiff's only "alleged participation in an investigation or proceeding under Title VII is her filing of the administrative charge underlying the Complaint approximately 300 days after the termination of her employment." *Id.* at 7. Furthermore, Defendants contend "Plaintiff does not allege that she engaged in any conduct or made any statements that could be construed as opposing illegal discrimination." According to Defendants, Plaintiff does not allege any facts that demonstrate that calling the police or hiring a lawyer "constituted protected opposition to illegal discrimination." *Id.* at 7. The Court finds this argument unavailing.

Plaintiff's Complaint alleges facts which demonstrate that she talked to a lawyer about the purported discriminatory conduct that she had endured, thus constituting protected activity. *See e.g.* Doc. No. 23, ¶59. However, Defendants highlight a letter that Plaintiff's attorney sent to Glut regarding the unlawful acts Plaintiff had been subjected to while at Glut. According to Defendants, the letter that Plaintiff's Attorney, Norman Schneider, sent to Defendants on

February 27, 2007, "makes no mention of racial discrimination and accuses 16 different employees of perpetrating the alleged harassment and abuse against Plaintiff." (Doc. No. 8). Defendants also aver that that a second letter which Plaintiff's attorney sent Defendants also failed to mention race discrimination.

The Court notes that while the letter from Plaintiff's attorney may not have mentioned that the Plaintiff was opposing the Defendants' alleged racially motivated actions, the Plaintiff's Amended Complaint provides sufficient facts to show that Plaintiff consulted her attorney to oppose the alleged racially discriminatory behavior that she was encountering at Glut. The fact that Plaintiff's attorney's letter to Glut did not discuss the precise behavior that Plaintiff was complaining of does not foreclose the possibility that Plaintiff consulted her lawyer to oppose Glut's racially discriminatory conduct, thus constituting a protected activity. Furthermore, Plaintiff avers in her Complaint that because of the racially motivated harassment and threats that she received, she contacted a lawyer. *See* e.g. Doc. No. 15, ¶59.

Accordingly, the Court finds that Plaintiff has adequately alleged that her act of consulting Schneider constituted a protected activity. As such, Defendants' Motion to Dismiss this Plaintiff's hostile work environment claims is **DENIED**.

### E. Plaintiff's Claim of Discriminatory Discharge

Defendants move to dismiss Plaintiff's claim for discriminatory discharge on the grounds that Plaintiff has failed to allege facts sufficient to sustain this claim. In order to adequately plead a claim for discriminatory discharge, the Plaintiff must allege that (1) that he is member of protected class; (2) that he suffered from adverse employment action; (3) that at time employer took adverse employment action he was performing at level that met his employer's legitimate

expectations; and (4) that position was filled by similarly qualified applicant outside protected class. *King v. Rumsfeld*, 328 F.3d 145 (4th Cir. 2003).

Plaintiff alleges facts to satisfy all of the elements of this cause of action, except for the final element—that her position was filled by a similarly situation qualified applicant outside of the protected class. Plaintiff avers that "she was replaced by a younger-African American, whom is also in the protected class." Doc. No. 23, at 39. Accordingly, Plaintiff has failed to adequately plead a claim for discriminatory discharge.[4]

## II. CONCLUSION

As this litigation proceeds, the Court strongly encourages Plaintiff to obtain counsel, for further litigation will require Plaintiff to generate sufficient facts to establish the claims asserted in her Amended Complaint. Failing to establish sufficient evidence to prove the claims asserted could render Plaintiff's case fatal. The Court will proceed to issue a Scheduling Order in this case. An Order Consistent with this Memorandum Opinion will follow.

Date: <u>March 18, 2011</u>                         /s/_____
                                                    Alexander Williams, Jr.
                                                    United States District Judge

---

[4] It appears to the Court the Defendants are responding to Count III of Plaintiff's Complaint, which is termed "Wrongful Termination." The Court will not dismiss Plaintiff's Claim for Wrongful Termination, as Defendants have moved to Dismiss Plaintiff's Claim for discriminatory discharge. As it is unclear whether Plaintiff is intending to allege a discriminatory discharge claim under Title VII as opposed to a common law wrongful termination claim, the Court will only Dismiss a claim for Discriminatory Discharge. Defendants have not briefed the issue of whether dismissal of the wrongful termination claim is warranted, and the Court will not dismiss this claim at this juncture.