IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CATHERINE ALEXANDER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. AW-10-955** |
| | ) | |
| **GLUT FOOD, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT & RECOMMENDATION

On February 1, 2012 the Honorable Alexander Williams, Jr. referred this case to the undersigned in accordance with 28 U.S.C. § 636(b) for all discovery and related scheduling matter. *See* ECF No. 61. Since this referral the undersigned has issued six discovery and/or related scheduling matter orders. *See* ECF Nos. 73, 76, 83, 84, 89, 90. On June 6, 2012 a motions hearing was held with regard to Defendant's motion for sanctions (ECF No. 80). Because the relief Defendant seeks is beyond the delegated authority outlined in the Order of Reference of February 1, 2012, the undersigned submits this report and recommendation.

### *BACKGROUND*

On March 16, 2012 the undersigned issued a five page Order (a) finding as moot Plaintiff's motion to request protection of medical records[1] (ECF No. 63), (b) denying Plaintiff's motion to request protection of medical records (ECF No. 66), (c) denying Plaintiff's motion to strike Defendant's request for motion to compel discovery (ECF No. 64) and (d) granting Defendant's motion to compel discovery (ECF No. 60-1).

---

[1] Plaintiff subsequently filed an identical motion.

In paragraphs 9 and 10 of the Order of March 16, 2012 the Court made the following findings and directed that Plaintiff produce supplemental discovery.

> That the Court finds that in her Amended Complaint, Plaintiff asserts suffering physically and mentally due to the alleged racially hostile environment at Glut Food. For example in the last sentence of paragraph 47 of the Amended Complaint Plaintiff alleges, "[t]he harassment was sufficiently severe and pervasive to alter the conditions [of] employment as Plaintiff suffered embarrassment and had to leave the register and only two people were on shift also, affected Plaintiff's psychological well-being and Plaintiff was embarrassed." Similarly, Plaintiff raises the issue of her health being affected due to the alleged hostile work environment in the last two sentences of paragraph 48 of her Amended Complaint:
>
>> The harassment was based on race, as Plaintiff raised race issue and following morning was punched in the back by a white male whose white officer friend cursed Plaintiff out as well; the harassment was severe and pervasive to alter the conditions of employment and create an abusive atmosphere, as Plaintiff was punched in the back and suffered emotional distress. Plaintiff a reasonable person found the environment racially hostile and abusive both mentally and physically and in fact perceived it to be so.
>
> That in the Relief Requested, Plaintiff seeks $6,000,000 as compensatory and punitive damages as outlined in paragraph 364 of her Amended Complaint. Plaintiff further alleges harassment (paragraph 365), physical abuse (paragraph 366), embarrassment (paragraph 367), intentional infliction of emotional distress (paragraph 368) and pain and suffering (paragraph 369). Plaintiff lists the pain and suffering she has experienced as follows: "Stress[;] anxiety; blood pressure issues; sharp pained headaches; headaches in temple; rapid heartbeat; food and soda addiction; gained sixty pounds; high blood issues[.]" Because Plaintiff claims various physical and mental maladies are directly attributable to the alleged hostile work environment at Glut Food, Defendant is entitled to discover evidence supporting or not supporting Plaintiff's contentions. *See* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."). The Court therefore **ORDERS** Plaintiff to

> supplement her answers to Defendant's Interrogatory Nos. 10-12 regarding medical treatment. Further, Plaintiff is **ORDERED** to supplement her response to Defendant's Document Request No. 6 seeking her medical records. To ensure the authenticity and completeness of the record production, Plaintiff should authorize her medical provider to release her medical records directly to Defendant's counsel[.]

ECF No. 73 ¶¶ 9-10. The Court directed Plaintiff to serve her supplemental answers and responses not later than April 3, 2012. *Id.* § 12.

On April 18, 2012 Defendant moved for sanctions on the grounds that Plaintiff failed to supplement the discovery requests pertaining to her medical records by April 3, 2012 as ordered by the Court and, further, that Plaintiff did not move for an extension of time to produce the ordered medical information and documents. In light of Plaintiff's non-compliance Defendant seeks the following relief:

> A. Dismiss Plaintiff's Amended Complaint with prejudice for failure to produce discovery as ordered by this Court; or
>
> B. Dismiss Plaintiff's Title VII hostile environmental claims; and
>
> C. Preclude Plaintiff from recovering compensatory and punitive damages.

ECF No. 80 at 2.

In her Response to the motion for sanctions Plaintiff notes, on May 4, 2012, she filed a motion to amend her amended complaint. *See* ECF No. 88. In her proposed amendments to her amended complaint, Plaintiff has excluded counts concerning emotional distress, pain and suffering. Because those counts have been withdrawn in her proposed amendments to her amended complaint, Plaintiff asserts there is no longer a need to produce any medical records. Plaintiff has also reduced the amount of damages she seeks from $6,000,000 to $50,000 for

compensatory damages and $50,000 for punitive damages. *See* ECF No. 87 ¶¶ 5, 7-8. In her Response to Defendant's memorandum for sanctions, Plaintiff declares that she "is not seeking any pain and suffering, or emotional distress or any psychological illnesses or doctor visits. Emotional damages will be excluded; therefore Plaintiff waives rights to any medical claims in this matter." ECF No. 87-1 at 1. Plaintiff requests that the Court deny Defendant's motion for sanctions and prohibit Defendant from using medical records from Dr. Andrea Sullivan's office.

In Defendant's supplemental memorandum in support of Defendant's motion for sanctions, Defendant notes, during the May 24, 2012 telephone discovery hearing, Plaintiff disclosed falling, striking her head and cracking her skull in 2005 or 2006. She informed the Court that she could not afford to have her condition fully treated and that she continues to suffer from headaches as a result of the injury. Defendant asserts Plaintiff's revelation clearly demonstrates the prejudice Defendant will suffer if Plaintiff fails to produce her medical records:

> The discovery process in this proceeding has not revealed a single witness that corroborates Plaintiff's allegations of discrimination or retaliation. Therefore, Plaintiff's credibility is central to this proceeding. Plaintiff's refusal to produce her medical records or even identify her treating physicians precludes Defendant from exploring her physical and mental health, including the effects from the severe head injury Plaintiff described during the May 24, 2012 telephone conference with Judge Connelly, and impeaching Plaintiff's credibility. Accordingly, Plaintiff's discovery failure will prejudice Defendant's defense of the merits of Plaintiff's claims, and even the dismissal of Plaintiff's hostile work environment claim and precluding Plaintiff from recovering damages for emotional distress and punitive damages will not be sufficient to remedy her willful noncompliance with this Court's discovery order.

ECF No. 91 at 5.

At the June 6, 2012 motions hearing the parties argued consistently with their respective written positions. Plaintiff admitted that she has not produced her medical records. Plaintiff asserted that her medical records have nothing to do with this litigation.

The undersigned explained to Plaintiff that her medical records can be protected (a) by a protective order, (b) by limiting access to her medical records or (c) by sealing her medical records. Despite these offers of protection, Plaintiff remained steadfast in refusing to produce her medical records as ordered by the undersigned. At the conclusion of the motions hearing, the undersigned took the motion under advisement.

### *ANALYSIS & RECOMMENDATION*

Defendant seeks the dismissal of Plaintiff's Amended Complaint or, alternatively, the dismissal of Plaintiff's Title VII hostile environment claims, in addition to precluding Plaintiff from recovering compensatory and punitive damages. The dismissal of Plaintiff's entire Amended Complaint or the dismissal of some of Plaintiff's claims would constitute a *dispositive* action in this litigation. *See* 28 U.S.C. § 636(b)(1)(A) ("Notwithstanding any provision of law to the contrary a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."). The Order of Reference limited the undersigned's authority to *non-dispositive* discovery and related scheduling matter.

In light of Plaintiff's refusal to produce her medical records as ordered by this Court on March 16, 2012, and considering the prejudice to Defendant, the undersigned recommends Plaintiff's Title VII hostile environment claims be **dismissed**. Although Plaintiff filed a notice of voluntary dismissal of Counts IV, VI and VII on May 11, 2012, *see* ECF No. 85, and moved

to amend her amended complaint on May 11, 2012, *see* ECF No. 86,[2] these matters were filed *after* the undersigned ordered Plaintiff to produce her medical records by April 3, 2012. Moreover, the motion to amend is still pending.

June 11, 2012                                                          _____/s/_____
    Date                                                             WILLIAM CONNELLY
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] A motion to amend the motion for leave to amend the amended complaint was filed on May 16, 2012. *See* ECF No. 88.