IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE ALEXANDER,  Plaintiff,  v.  GLUT FOOD COOP,  Defendant. | Civil Action No. 8:10-cv-00955-AW |

**MEMORANDUM OPINION**

Plaintiff Catherine Alexander brings this action against Defendant Glut Food Coop. Plaintiff asserts a retaliation claim under Title VII and a state law claim for wrongful termination. Pending before the Court are (1) Defendant's Motion for Summary Judgment and (2) Plaintiff's Motion for Extension of Time. The Court has reviewed the entire record and deems no hearing necessary. For the reasons articulated herein, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES AS MOOT** Plaintiff's Motion for Extension of Time.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The case arises out of an employment relationship between Plaintiff Catherine Alexander (Alexander) and Defendant Glut Food Coop (Glut). Alexander is an African-American female. Glut is a nonprofit health food store that is managed by its members. Alexander worked at Glut from December 2002 until February 2008, when Glut terminated her. According to Glut, it terminated Alexander for the following reasons: (1) she ceased performing the majority of her

1

duties; (2) she had an altercation with a customer; and (3) she told Glut that she no longer wished to work for it during a meeting.

On April 19, 2010, proceeding pro se, Alexander filed a blunderbuss, 56-page Complaint sounding in employment discrimination. Doc. Nos. 1, 1-1. On March 17, 2011, Alexander filed an Amended Complaint that runs sixty-five pages. Doc. No. 23. The Amended Complaint's factual allegations are meandering and obscure, and Alexander fails to present her causes of action in a coherent manner. From what the Court can gather, Alexander has asserted the following claims: (1) race discrimination under Title VII; (2) racial harassment under Title VII; (3) retaliatory discharge under Title VII; and (4) common law wrongful termination. *See* Doc. No. 23 at 46–47.

Not all of these claims are presently in the suit. In a Memorandum Opinion issued on the heels of her Amended Complaint, the Court dismissed Alexander's claim for racial discrimination. *See* Doc. No. 24 at 8–9. Furthermore, in a June 2012 Order, the Court adopted Magistrate Judge Connelly's report and recommendation to dismiss Alexander's hostile work environment claim due to, inter alia, discovery abuses. Doc. No. 102.

On July 23, 2012, Glut moved for summary judgment. Doc. No. 108. The Clerk of the Court issued a Rule 12/56 letter on July 26, 2012. The time for responding to Glut's Motion for Summary Judgment that the letter listed has expired. Although Alexander moved for an extension of time to respond to Glut's Motion for Summary Judgment, the extra time she requested has lapsed and Alexander has yet to respond to Glut's Motion.

Based on this development of events, the Court must consider only whether a reasonable juror could rule in Alexander's favor on her retaliation and wrongful termination claims.

Alexander's failure to submit any evidence in response to Glut's Motion for Summary Judgment informs the Court's resolution of these two questions.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those that "might affect the outcome of the suit under the governing law." *Id.*

Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Finally, hearsay statements or conclusory statements with no evidentiary basis cannot

support or defeat a motion for summary judgment. *See Greensboro Prof'l Firefighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995).

### III. LEGAL ANALYSIS

### A. Retaliation

"A plaintiff lacking direct evidence of retaliation may utilize the *McDonnell Douglas* . . . framework to prove a claim of retaliation." *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). "In the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of retaliation, whereupon the burden shifts to the employer to establish a legitimate non-retaliatory reason for the action." *Id.* "If the employer sets forth a legitimate, non-retaliatory explanation for the action, the plaintiff then must show that the employer's proffered reasons are pretextual or his claim will fail." *Id.* "More specifically, the plaintiff can prove pretext by showing that the 'explanation is "unworthy of credence" or by offering other forms of circumstantial evidence sufficiently probative of [retaliation].'" *Id.* (quoting *Mereish v. Walker*, 359 F.3d 330, 336 (4th Cir. 2004)).

"To establish [her] prima facie case of retaliation, [Alexander] must show that [she] engaged in protected activity, that [Glut] took adverse action against [her], and that a causal relationship existed between the protected activity and the adverse employment activity." *Id.* (citing *King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003)).

"An employee may satisfy the first element by showing that she opposed a practice that Title VII prohibits." *Tasciyan v. Med. Numerics*, 820 F. Supp. 2d 664, 675 (2011) (citing *Davis v. Dimensions Health Corp.*, 639 F. Supp. 2d 610, 616–17 (D. Md. 2009)). "One court has defined opposition as 'utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory

activities.'" *Id.* (quoting *Davis*, 639 F. Supp. 2d at 617). "For such activity to constitute opposition, the plaintiff must have a reasonable and good faith belief that the conduct that she opposes constitutes unlawful discrimination under Title VII." *Id.* (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001)). "Opposition almost always arises when an employee communicates to her employer her reasonable belief that the employer has engaged in discrimination." *Id.* (citing *Crawford v. Metro. Gov't of Nash. and Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009)).

Element three of the prima facie case for retaliation relates to causation. Generally, plaintiffs must demonstrate that the alleged opposition caused the at-issue adverse action through two evidentiary routes. First, plaintiffs may show that the adverse act bears sufficient temporal proximity to the protected activity. *See, e.g.*, *Breeden*, 532 U.S. at 273–74. Second, as this Court has consistently held, "plaintiffs may state a prima facie case of causation by relying on evidence other than, or in addition to, temporal proximity where such evidence is probative of causation." *Jenkins v. Gaylord Entm't Co.*, 840 F. Supp. 2d 873, 881 (D. Md. 2012) (citing cases); *see also, e.g.*, *Lettieri v. Equant Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (holding that "other relevant evidence may be used to establish causation" where temporal proximity is missing).

In this case, Alexander fails to state a prima facie case of retaliation. The Court will assume that the two letters that Alexander had an attorney send Glut constitute protected activity. *See* Doc. No. 1-3. A reasonable juror could also conclude that the termination constitutes a materially adverse act. Therefore, the question is whether a reasonable juror could conclude that Alexander's presentation of the attorney's letters motivated Glut to fire her.

The Court concludes that no reasonable juror could so find. The letters are dated February 27, 2007 and October 25, 2007. Glut terminated Alexander on February 8, 2008.

Nearly a year passed between Glut's submission of the first letter and her firing. In the absence of other evidence probative of retaliation, temporal proximity of one year is insufficient as a matter of law to create a triable issue on the question of causation.

Approximately three-and-a-half months transpired between the October 25, 2007 letter and the February 8, 2008 termination. Absent additional evidence probative of causation, temporal proximity of three-and-a-half months is insufficient to support the inference that the protected activity caused the adverse act. *See Breeden*, 532 U.S. at 273 (citations and internal quotation marks omitted) (noting that "cases that accept mere temporal proximity . . . as sufficient evidence of causality . . . uniformly hold that the temporal proximity must be very close" and calling a "3–month period insufficient").

Even if Alexander stated a prima facie case of retaliation, no reasonable juror could conclude that Glut's nonretaliatory reasons are pretextual. Alexander has presented no evidence to support the theory that Glut's nonretaliatory reasons are pretexts. At best, then, Alexander relies solely on her subjective belief that Glut retaliated against her to prove that Glut's nonretaliatory reasons are pretexts. However, the Fourth Circuit has consistently held that a plaintiff's "own naked opinion, without more, is not enough" to disprove a defendant's nonretaliatory explanation. *See Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996); *see also Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988) (holding that the plaintiff's own opinions and conclusory allegations did not have sufficient "probative force to reflect a genuine issue of material fact"); *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980) (stating that "the perception of the decision maker . . . is relevant," not the perception of the plaintiff.).

In light of the preceding considerations, no reasonable juror could rule in favor of Alexander on her retaliation claim. Accordingly, the Court grants Glut's Motion for Summary Judgment as to this claim.

**B.     Wrongful Termination**

Alexander's wrongful termination claim fails as a matter of law. "In order to establish wrongful discharge, the employee must prove by a preponderance of the evidence, that (1) she was discharged; (2) her discharge violated a clear mandate of public policy; and, (3) there is a nexus between the employee's conduct and the employer's decision to fire the employee." *King v. Marriott Int'l Inc.*, 866 A.2d 895, 901 (Md. Ct. Spec. App. 2005) (citing cases). "[T]he public policy in question must be a preexisting, unambiguous, and particularized pronouncement, by constitution, enactment, or prior judicial decision . . . ." *Porterfield v. Mascari II, Inc.*, 788 A.2d 242, 245 (Md. Ct. Spec. App. 2002). However, "[a]busive discharge is inherently limited to remedying only those discharges in violation of a clear mandate of public policy which otherwise would not be vindicated by a civil remedy." *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 180 (Md. 1989). Thus, under Maryland law, plaintiffs cannot predicate a claim for wrongful termination on a violation of Title VII. *See id.* at 190.

In this case, Alexander bootstraps her wrongful discharge claim onto her Title VII claim by relying on identical allegations to substantiate both claims. Furthermore, assuming the wrongful termination claim were otherwise actionable, it would fail inasmuch as Alexander has submitted no evidence from which a reasonable juror could conclude that a nexus exists between her protected activity and Glut's decision to fire her. Accordingly, the Court grants Glut's Motion for Summary Judgment as to Alexander's wrongful discharge claim.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Glut's Motion for Summary Judgment and **DENIES AS MOOT** Alexander's Motion for Extension of Time. A separate Order closing the case will follow.

| October 10, 2012 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |