**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| CATHERINE ALEXANDER, | |
| Plaintiff, | |
| v. | Civil Action No. 8:10-cv-00955-AW |
| GLUT FOOD COOP, | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is pro se Plaintiff's Motion for Reconsideration. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## I.   BACKGROUND

Pro se Plaintiff Catherine Alexander ("Alexander") filed a 56-page Complaint asserting, from what the Court could decipher, claims for: (1) race discrimination under Title VII; (2) racial harassment under Title VII; (3) retaliatory discharge under Title VII; and (4) Maryland common law wrongful termination.  Doc. No. 1-1.  Following discovery, on July 23, 2012, Defendant Glut Food Coop ("Glut") filed a Motion for Summary Judgment regarding Alexander's claims of retaliation and wrongful termination.[1]  Doc. No. 108.  On July 26, 2012, the Clerk of the Court issued a Rule 12/56 letter.  Doc. No. 109.  Alexander then moved for an extension of time to respond to Glut's Motion for Summary Judgment on July 30, 2012.  Doc. No. 111.

---

[1] Previously, the Court dismissed Alexander's claims for racial discrimination, *see* Doc. No. 24 at 8-9, and hostile work environment, Doc. No. 102.

1

The Court then waited for Plaintiff to respond to Defendant's Motion for Summary Judgment. After waiting for over two months for Plaintiff's response, the Court issued an Opinion and Order ("Opinion") on October 10, 2012 granting Defendant's Motion for Summary Judgment and denying as moot Plaintiff's Motion for Extension of Time. Doc. No. 112. The Court held that no reasonable juror could conclude that Defendant retaliated against Plaintiff. *Id.* at 7. The Court reasoned that Plaintiff failed to present probative evidence of retaliation and there was insufficient temporal proximity between Plaintiff engaging in a protected activity and her termination. *Id.* at 6-7. The Court also held that no reasonable juror could conclude that Defendant wrongfully discharged Plaintiff in violation of Maryland public policy. *Id.* at 7.

Twenty-nine days after the Court issued its Opinion, on November 8, 2012, Plaintiff filed a "Motion for Reconsideration and Vacate Defendant's Motion for Summary Judgment" ("Motion for Reconsideration") pursuant to Rule 59. Doc. No. 114. In addition to her Motion for Reconsideration, Plaintiff filed a 176-page brief,[2] Doc. No. 114-1, and a 100-page sworn statement, Doc. No. 114-2, in opposition to Defendant's Motion for Summary Judgment. Defendant filed a timely response. Doc. No. 116. Plaintiff's arguments in support of reconsideration boil down to one point: a lack of understanding of procedural rules. *See* Doc. No. 114 at ¶5, ¶6, ¶12.

## II.   ANALYSIS

### 1.   Rule 59(e)

As stated previously, Plaintiff filed her Motion for Reconsideration pursuant to Rule 59. Doc. No. 114. Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Court issued its Opinion and Order granting Defendant summary judgment on October 10, 2012. Doc. No. 112. Plaintiff filed her Motion

---

[2] Plaintiff's brief is over three times the limit permitted under Local Rule 105(3).

for Reconsideration twenty-nine days later on November 8, 2012. Doc. No. 114. Thus, Plaintiff's motion is not timely under Rule 59(e). However, even if Plaintiff's motion were timely, the Court would not grant relief to amend or alter its judgment.

As an initial matter, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). "Rule 59(e) provides that a court may alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or manifest injustice." *Robinson v. Wix Filtration Corp LLC*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted).

None of the three situations is applicable in this case. Regarding the first two prongs stated in *Robinson*, the substantive law applicable to Plaintiff's retaliation and wrongful termination claims has not changed and Plaintiff has not provided the court with any new evidence. In her motion and supporting materials, Plaintiff simply restates her own opinions and conclusory allegations through excessive citation to her Complaint and Defendant's affidavits. *See, e.g.*, Doc. No. 114 at 7-10; Doc. No. 114-1 at 19; Doc. No. 114-2 at 2. Similarly, the third *Robinson* prong does not apply as in its Opinion the Court did not base its ruling on an erroneous legal standard, an inadequate record, or abuse its discretion. *See E.E.O.C. v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997).

Although Plaintiff submitted her Motion for Reconsideration pursuant to Rule 59, Plaintiff's argument primarily rests upon a lack of understanding of procedural rules. *See* Doc.

No. 114 at ¶5, ¶6, ¶12.  In order to properly analyze these claims, the Court will, in the alternative, review Plaintiff's Motion under Rule 60(b).

    2.    Rule 60(b)

As stated above, Plaintiff primarily seeks relief due to her unfamiliarity with procedural rules.  Plaintiff states that she was "unaware that if a motion has not been ruled on that Plaintiff could still honor the time in response to Summary Judgment." *Id.* at ¶5.  Plaintiff emphasizes her pro se status in support of her unfamiliarity. *Id.* at ¶6.  Rule 60(b)(1) supplies the only avenue to provide Plaintiff relief in this case.  Rule 60(b)(1) allows a court to relieve a party from judgment in the event of "mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).  In stressing a lack of familiarity with rules, Plaintiff is seeking relief due to "excusable neglect."

In determining whether excusable neglect has occurred, the Court considers four factors: "'[1] danger of prejudice to the [non-movant], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Cronin v. Henderson*, 209 F.R.D. 370, 371 (D. Md. 2002) (quoting *Pioneer Inv. Sers. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The Fourth Circuit has stated that "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect[.]'" *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (citing *Pioneer*, 507 U.S. at 392).

Although Plaintiff invokes her pro se status to emphasize her unfamiliarity, the Court previously appointed Plaintiff pro bono counsel on April 12, 2011.  Doc. No. 34.  However, due

4

to Plaintiff's conduct[3] in this case, the appointed counsel filed a Motion to Withdraw, which the Court granted without opposition from Plaintiff in January 2012.  Doc. No. 59.  This circumstance cuts against Plaintiff's argument under Rule 60(b) as it supports the inference that Plaintiff herself is to blame for her failure to act in a timely fashion in response to Defendant's Motion for Summary Judgment.  *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *Life Ins. Co. of N. Am. v. Monroe*, 236 F.R.D. 255, 257 (D. Md. 2006).  Plaintiff has not demonstrated excusable neglect in this case, as her lack of familiarity with rules by law does not constitute excusable neglect and her mistake in not responding to Defendant's Motion for Summary Judgment was entirely in her control.

But, even if Plaintiff could demonstrate excusable neglect, her Motion for Reconsideration must fail as she supports her Motion with restatements of facts and allegations from her Complaint.  In her 176-page brief in Opposition to Summary Judgment and 100-page sworn statement, Plaintiff fails to identify evidence which supports retaliation under Title VII. Plaintiff has not identified any evidence probative of a retaliatory animus.  Nor has she submitted evidence sufficient to show that Defendant's nonretaliatory reasons for firing her are pretextual.

Additionally, Plaintiff's common law wrongful discharge claim fails as a matter of law. As the Court stated in its Opinion, "under Maryland law, plaintiffs cannot predicate a claim for wrongful termination on a violation of Title VII." *Id.* at 7 (citing *Makovi v. Sherwin-Williams Co.*, 561 A.2d 179, 190 (Md. 1989)).  Other than violations of Title VII, Plaintiff states that she was discharged due to her reporting of Defendant's alleged safety and health violations.  Doc. No. 114-1 at 22.  However, in Maryland, an employer does not violate public policy by discharging employees who raise objections to an employer's safety practices.  *See Lee v. Denro,*

---

[3] Plaintiff's counsel represented that significant and irreconcilable differences regarding the strategy and evaluation of Plaintiff's case arose and persisted, and that Plaintiff sent her counsel a letter that irreparably damaged the attorney-client relationship. Plaintiff never challenged these assertions.

*Inc.*, 605 A.2d 1017, 1023-24 (Md. Ct. Spec. App. 1992) (citations omitted).  Thus, even if Defendant terminated Plaintiff due to contacting safety inspectors, termination based upon such conduct would not violate Maryland public policy.  For the above-mentioned reasons, the Court denies Plaintiff's Motion for Reconsideration.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration. A separate Order follows.

|  |  |
|---|---|
| April 19, 2013 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |